IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANCISCO GUEVARA A/K/A FRANCIS GUEVARA <br> **Plaintiff** | § § § § | |
| v. | § § | CIVIL ACTION NO. 4:21-cv-3235 |
| ROVA INC. <br> MOHAMMAD AMIN PATEL, AND <br> FARZANA K. PATEL. <br> **Defendants** | § § § § § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 ("FLSA"), brought as an individual action to recover unpaid overtime compensation, liquidated damages, and attorney's fees owed to Plaintiff Francisco Guevara by Defendants, and their subsidiaries and affiliated companies.

### Parties

1. Plaintiff Francisco Guevara a/k/a Francis Guevara ("Plaintiff"), former employee of the Defendants, was personally engaged in interstate commerce during his employment with the Defendants, and is represented by the undersigned.

2. Defendant, Rova Inc. ("Rova"), is a Texas corporation that employed Plaintiff. With respect to the Plaintiffs, Rova is subject to the provisions of the FLSA. Rova was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000. Rova may be served through its registered agent

1

Mohammad Amin Patel at 9337-B Katy Freeway, Houston, TX 77024, or wherever else he may be found.

3. Defendant Mohammad A. Patel (Mr. Patel) is an individual that is registered as president of Rova, and was an "employer" as that term is defined by the FLSA because he acted on behalf of Rova in setting the terms of wages and hours throughout the company, and running it on a day-to-day basis. Mr. Patel worked as part of the enterprise engaged in interstate commerce as defined by 29 U.S.C. §§ 203(r) and (s). Mr. Patel may be served with process at 5300 N. Braeswood Blvd., Apt. 148, Houston, TX 77096, or wherever he may be found.

4. Defendant Farzana K. Patel (Ms. Patel) is an individual that is registered as secretary of Rova, and was an "employer" as that term is defined by the FLSA because he acted on behalf of Rova in setting the terms of wages and hours throughout the company, and running it on a day-to-day basis. Ms. Patel worked as part of the enterprise engaged in interstate commerce as defined by 29 U.S.C. §§ 203(r) and (s). Ms. Patel may be served with process at 5326 Fenwick Way Ct., Sugarland, TX 77479, or wherever she may be found.

## Jurisdiction and Venue

5. This Court has jurisdiction under the FLSA, and venue is proper under 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well. Upon information and belief, Defendants conducted

sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

## Factual Allegations

6. Plaintiff was an employee of the Defendants from January, 2020 to September, 2021.

7. During her times of employment, Plaintiff worked for all Defendants named. She worked as a cashier for the duration of her employment. At certain times, the Plaintiff worked under the supervision and was paid by Defendant Rova via this company's owner, Mohammad Patel.

8. Plaintiff worked as an employee of Defendant, Rova, under the supervision of Defendant Mohammad Patel, as a cashier at Defendants' gas station. The Plaintiff consistently worked over 40 hours per week. Although she was not exempt from the FLSA, Plaintiff was not compensated for her overtime pay. Mr. Patel of Rova paid Plaintiff all her hours as straight time with no overtime pay.

9. Plaintiff worked as an employee of Defendant, Rova, as a cashier at Defendants' gas station. The Plaintiffs consistently worked over 40 hours per week. Although she was not exempt from the FLSA, the Plaintiffs was not compensated for her overtime pay. Mr. Patel of Rova paid Plaintiff all her hours as straight time with no overtime pay.

10. At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiff's regular and overtime work.

11. Plaintiff was not "exempt" employees.

12. Defendants instructed Plaintiff about when, where, and how she was to perform her work.

13. Defendants trained the Plaintiff.

14. The Plaintiff's services was integrated into Defendants' operations.

15. Defendants set Plaintiff's work schedule.

16. Plaintiff performed all of her work at Defendants' job site.

17. Plaintiff devoted substantially full time to Defendants' business.

18. Plaintiff was required to perform her work in an order or sequence set by Defendants.

19. Defendants maintained the right to discharge Plaintiff at will.

20. Defendants did not make a good faith effort to comply with the overtime provisions contained within the FLSA, and knowingly violated the FLSA.

21. Defendant Mohammad Patel is the owner and control person of Rova Construction and is personally involved in the day-to-day operations of this business, in the establishment and enforcement of personnel policies, compensation policies and record keeping responsibilities of Rova Inc.

22. Defendant Mohammad Patel has the authority to hire, discipline and fire employees, and to determine employee compensation.

## Plaintiff's Individual Allegations

23. As non-exempt employees, Plaintiff was entitled to be paid at time-and-one-half of her appropriate regular rate for all hours worked in excess of forty-(40)-hours in a workweek. 29 U.S.C. §207 (a) (2008). Defendants' practice of failing to

pay time-and-one-half for all overtime hours worked was and is in violation of the FLSA.

24. No exemption excuses the Defendants from paying the Plaintiff the overtime rates for all hours she worked over forty (40) per workweek. In addition, the Defendants have not made a good faith effort to comply with the FLSA. As such, the Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to the Plaintiff. Such practices were and are clear violations of the FLSA.

## CAUSES OF ACTION

**Violation of the FLSA – Failure to Pay Overtime Wages Owed**

25. Based on the foregoing, Defendants violated the FLSA by failing to properly compensate the Plaintiff for work performed in the employ of the Defendants.

26. Plaintiff has suffered damages as a direct result of Defendants' illegal actions.

27. Defendants are liable to Plaintiff for all unpaid overtime compensation and liquidated damages, the unpaid last two weeks of work performed by the Plaintiff, attorney's fees and costs of Court under the FLSA for work performed during time worked in excess of 40 hours per work week for the length of employment for each Plaintiff spanning from March 2020 to January of 2021.

## Jury Demand

28. Plaintiffs demand a trial by jury on all claims she has asserted herein.

## Prayer for Relief

WHEREFORE, Plaintiffs demand:

1. Judgment against Defendants for an amount equal to Plaintiff's overtime wages at the applicable rates;
2. An equal amount to the damages as liquidated damages;
3. Judgment against Defendants that their violations of the FLSA were willful;
4. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
5. All costs and attorney's fees incurred prosecuting these claims;
6. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**KEVIN M. CHAVEZ, PLLC**

*/s/ Kevin M. Chavez*
Kevin M. Chavez
Texas Bar No. 24034371
S.D. Tex. No. 32889
6260 Westpark Dr., Suite 303
Houston, Texas 77057
281-846-1560 Telephone
866-929-1647 Facsimile
ATTORNEY-IN-CHARGE FOR
PLAINTIFF FRANCIS GUEVARA